Filed 8/12/15  People v. Bueno CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANGELINO FERNANDO BUENO,<br><br>    Defendant and Appellant. | B260655<br><br>(Los Angeles County<br>Super. Ct. No. MA059088) |

THE COURT:[*]

Defendant and appellant Angelino Fernando Bueno (defendant) appeals from the judgment entered after his conviction of felony child abuse.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On April 10, 2015, we notified defendant of his counsel's brief and gave defendant leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter. We have reviewed the entire record, and finding no arguable issues, affirm the judgment.

Defendant was charged with two counts of felony child abuse upon a child, under the age of five years, in violation of Penal Code section 273a, subdivision (a),[1] and within

---

[*]    BOREN, P.J., CHAVEZ, J., HOFFSTADT, J.

[1]    All further statutory references are to the Penal Code, unless otherwise indicated.

the meaning of section 12022.7, subdivision (d). The information further alleged as to both counts that defendant personally inflicted great bodily injury upon the victim. On the first day of trial, after he was advised of and waived the potential consequences of a plea and of his constitutional rights, defendant entered an open plea of no contest to the charges, and admitted the great bodily injury allegations. Counsel stipulated to a factual basis as stated in the police reports, which are summarized in the probation report. In March 2013, when the one-year-old victim stopped breathing, defendant called 911. After the child was taken to the hospital, he was found to have a broken leg, rib fractures, and broken wrists in various stages of healing.

The trial court sentenced defendant to the middle term of four years in prison as to count 1, plus a four-year enhancement due to the great bodily injury allegation. As to count 2, the trial court imposed an identical sentence to run concurrently with count 1. The court granted 673 days of custody credit and imposed mandatory fines and fees. Defendant filed a timely notice of appeal from the judgment, challenging only the trial court's sentencing discretion in imposing the middle term and refusing to stay the enhancement for the great bodily injury allegation.

Prior to sentencing defense counsel asked the court to grant probation and sentence defendant to time served, or to sentence him to concurrent two-year terms. Counsel presented evidence in mitigation, including defendant's own statement, the testimony of defendant's parents, and a medical expert's report, to support the argument that negligent chest compressions caused the child's injuries, and that defendant had not been given sufficient information regarding the child's medical history.

The trial court found that defendant had not overcome his presumptive ineligibility for probation in that he admitted the great bodily injury allegation. The court chose the middle term after considering, as factors in aggravation, defendant's several misdemeanor convictions and the vulnerability of the victim, and in mitigation, defendant's voluntary acknowledgment of his wrongdoing early in the criminal process.

We have examined the entire record and are satisfied that defendant's appellate counsel has fully complied with her responsibilities and that no arguable issue exists. We

conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.